```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JUNSAI XU,                                                    :
                                                              :
                                    Plaintiff,                :     1:25-cv-109-GHW
                                                              :
                  -v-                                         :          ORDER
                                                              :
TENEO, et al.,                                                :
                                                              :
                                    Defendants.               :
                                                              :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/2025

GREGORY H. WOODS, United States District Judge:

Plaintiff commenced this action on October 24, 2024 in the United States District Court for the Eastern District of New York. Dkt. No. 1. On January 3, 2024, Judge Chen issued an order transferring this case to the Southern District of New York pursuant to 28 U.S.C. § 1406(a), Dkt. No. 9, and the case was assigned to me on January 6, 2025, Dkt. No. 10.

Summonses were issued as to all Defendants on October 24, 2024, Dkt. No. 3, and re-issued as to Defendants Teneo and Young on January 14, 2025. As the Court noted in its January 9, 2025 and May 27, 2025 orders, it appears that Plaintiff has only served Defendants by certified mail. *See* Dkt. No. 8. The Court has repeatedly informed Plaintiff that mailing a summons and complaint by certified mail "is not good service under federal law [or] . . . under New York law." *Deptula v. Rosen*, 558 F. Supp. 3d 73, 86 (S.D.N.Y. 2021) (citing Fed. R. Civ. P. 4(e)(2) and CPLR §§ 308-311(a)). *See* Dkt. Nos. 12, 17.

On January 9, 2025, the Court extended the period for Plaintiff to serve Defendants to ninety (90) days following the issuance of amended summonses. Amended summonses were issued on January 14, 2025, so the deadline for Plaintiff to effect service was April 14, 2025. Dkt. No. 12. On May 27, 2025, after Plaintiff failed to file notice of service, the Court, pursuant to Federal Rule of Civil Procedure 4(m), issued an order to show cause as to why this case should not be dismissed

for failure to timely serve process. Dkt. No. 17.[1]

Plaintiff filed a letter on June 11, 2025 explaining that in March of 2025, he once again mailed the summonses and complaint to the defendants by registered mail because, in Plaintiff's view, "it is in appropriate, unscientific, and against the principle of law" for the Court to deem service by mail improper. Dkt. No. 18. The Court issued an order on June 16, 2025 that once again informed Plaintiff that based on his submissions, the Court understood service to be improper under the Federal Rules of Civil Procedure and therefore ineffective. Dkt. No. 19. The Court elaborated on the relevant state and federal rules for effective service. *See id.* at 2. The Court, in its June 16, 2025 order, gave Plaintiff two additional weeks either to request another extension of the deadline to properly serve Defendants or to certify that he has complied with the service requirements of New York or federal law. *Id.* at 3.

Plaintiff filed a letter dated June 25, 2025, Dkt. No. 20, which the Court understands to be a response to the Court's June 16, 2025 order. Plaintiff's letter neither requested an extension to effect service nor certified that he effected proper service pursuant to New York or federal law. *See* Dkt. No. 20. Instead, Plaintiff's letter simply reiterates his incorrect view that service by mail alone is proper. *See id.* Plaintiff's letter, read with the significant solicitude to which a *pro se* litigant is entitled, provides no basis for the Court to reconsider its prior orders.

Plaintiff has been given notice that failure to effect service pursuant to state and federal law will result in dismissal of his claims without prejudice. The Court granted multiple extensions of time and an opportunity for Plaintiff to request a further extension. Plaintiff has failed to demonstrate that he has effected proper service on Defendants and has failed to request further

---

[1] Federal Rule of Civil Procedure 4(m) states, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

2

extension.  The Court therefore dismisses this action without prejudice pursuant to Fed. R. Civ. P. 4(m).  The Clerk of Court is directed to terminate all pending motions, to adjourn all dates and deadlines, and to close this case.  The Clerk of Court is further directed to mail a copy of this order to Plaintiff by certified mail.

    SO ORDERED.

Dated:  June 28, 2025
       New York, New York

_____
GREGORY H. WOODS
United States District Judge