UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/2025
```

-------------------------------------------------------------- X
                            :

JUNSAI XU,                      :

                    :

               Plaintiff,     :           1:25-cv-109-GHW

                    :

         -v-             :           <u>ORDER</u>

                    :

TENEO, *et al.*,              :

                    :

            Defendants.  :

                    :

-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On October 24, 2024, Plaintiff, proceeding *pro se*, filed the first complaint in this matter in the United States District Court for the Eastern District of New York. Dkt. No. 1. The case was transferred to the Southern District of New York on January 6, 2025. Dkt. No. 10. On May 27, 2025, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to serve process in the time allotted by Federal Rule of Civil Procedure 4(m). Dkt. No. 17. The Court set a deadline of June 12, 2025 for Plaintiff to respond. *Id.* On June 28, 2025, the Court dismissed Plaintiff's complaint without prejudice and entered judgment in this matter. Dkt. No. 21.

      On October 23, 2025, Plaintiff filed a one-page motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). Dkt. No. 25. He also filed a notice of appeal. Dkt. No 24. In light of Plaintiff's *pro se* status, the Court will consider his submissions filed in connection with his notice of appeal in considering his motion for extension of time. Plaintiff's motion is denied as untimely and for failure to show excusable neglect or good cause.

      In a civil case, a plaintiff ordinarily has 30 days from the entry of the judgment or order appealed from to file a notice of appeal. Fed. R. App. P. ("FRAP") 4(a)(1)(A). The Court may extend the time to file a notice of appeal if the following conditions are satisfied:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FRAP 4(a)(5)(A). As the words of the rule indicate, the burden is on the movant—here, Plaintiff—to "show[] excusable neglect or good cause" to warrant an extension of the time to appeal. *Id.* Plaintiff has not met either of the conditions set forth in FRAP 4(a)(5)(A).

Plaintiff's motion was untimely filed after Plaintiff's 30-day time period to file a notice of appeal. The time prescribed by Rule 4(a) expired on July 28, 2025—thirty days after the entry of the order being appealed, *i.e.*, June 28, 2025. Therefore, Plaintiff's deadline to file a motion for extension was August 27, 2025. Plaintiff filed his motion on October 23, 2025, nearly two months after that deadline.

Plaintiff's motion and his notice of appeal also do not show excusable neglect or good cause. In support of Plaintiff's motion, Plaintiff asserts that he is "ready to appeal this case to the Federal Supreme Court." Dkt. No. 25. He also alleges that he never received the Court's June 28, 2025 order and only received it upon requesting it at the court in person on October 21, 2025. Dkt. No. 24 at 5.

The Second Circuit has also explained the distinction between "excusable neglect" and "good cause" as follows:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard, in contrast, applies in situations in which there is *no fault*—excusable or otherwise, such as when the Postal Service fails to deliver a notice to appeal.

*Alexander v. Saul*, 5 F.4th 139, 147 (2d Cir. 2021) (quotations and citations omitted) (affirming denial of extension of time to appeal).

Here, Plaintiff does not assert good cause or excusable neglect because the Court cannot

credit his assertion that he never received the order he now seeks to appeal.  On January 6, 2025, Chief Judge Laura T. Swain, to whom this case was assigned, entered an order informing Plaintiff that it was his responsibility to notify the Court when a change of address occurs.  Dkt. No. 11.  On February 26, 2025, Plaintiff provided a new address.  Dkt. No. 14.  Plaintiff has previously confirmed that he has received the Court's prior orders mailed to that address.  *See* Dkt. No. 18 at 1 (affirming that Plaintiff received the Court's May 27, 2025 order, Dkt. No. 17).  The Court understands that the June 28, 2025 order was mailed to the same address by certified mail.  Plaintiff filed a letter dated July 11, 2025, which the Court understands to be a response to the June 28, 2025 order.  Dkt. No 23.  Finally, in Plaintiff's most recent submission, he indicates that he has a "letter box" at that same address.  Dkt. No. 25.  Therefore, the Court cannot credit his assertion that he never received the order he is appealing and that he is "ready to appeal this case."  *See Alexander*, 5 F.4th at 147–48 ("Courts have accordingly declined to apply the 'good cause' standard in cases in which the movant's failure to prosecute a timely appeal was at least partially attributable to the movant's own inadvertence.").  Accordingly, Plaintiff has failed to show good cause for his delay.

Nor does Plaintiff show excusable neglect.  As the Second Circuit has instructed:

> The burden of proving excusable neglect lies with the [movant].  In deciding whether a movant has carried this burden, courts consider the four factors set forth by the Supreme Court in *Pioneer*: [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Id.* at 148 (quotations and citations omitted) (quoting *Pioneer Inv. Servs. Co. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993)).

The third factor is dispositive here.  The Second Circuit has acknowledged that the reason for the delay is the most important *Pioneer* factor to consider and can be dispositive in this inquiry.  *See id.* at 149 (noting that the first, second, and fourth factors usually favor the moving party but "[a]ffording dispositive weight to [the third] factor accords with our precedents").  Plaintiff provides

no explanation for his delay in filing his notice of appeal.  The absence of any reason for Plaintiff's delay strongly supports finding that Plaintiff has failed to show excusable neglect.  Accordingly, Plaintiff has not met the standard under FRAP 4(a)(5)(A), and the Court denies Plaintiff's motion for an extension of time to file his appeal.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motions pending at Dkt. No. 25 and to mail a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated:  October 24, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge